Terri PUGH, Appellant Below, Appellant

v.

WAL–MART STORES, INC., Appellee Below, Appellee.

No. 273, 2007.

Supreme Court of Delaware.

Submitted: Dec. 5, 2007.

Decided: Feb. 15, 2008.

Rehearing Denied March 5, 2008.

---

Craig T. Eliassen, Esquire, Schmittinger & Rodriguez, P.A., Dover, DE, for Appellant.

David G. Culley, Esquire, Tybout, Redfearn & Pell, Wilmington, DE, for Appellee.

Before BERGER, JACOBS and RIDGELY, Justices.

BERGER, Justice:

In this appeal, we consider whether the Industrial Accident Board (the "Board") has statutory authority to award attorneys' fees in cases where, because the parties settled, the Board never heard the underlying claim or made a compensation award. We conclude that the relevant statute

should be construed to authorize such fee awards, given the purposes of the Workers' Compensation Act. We also hold that, in determining a reasonable fee award, the Board may (although it is not required to) include the value of a finding of compensability and related unliquidated benefits. Here, the Board awarded fees based solely on the amount paid to the claimant in the settlement. We find no abuse of discretion, and affirm.

### Factual and Procedural Background

Terri Pugh filed a petition seeking benefits for a work-related injury. Her employer, Wal–Mart Stores, Inc., initially opposed the petition and the matter was scheduled for a hearing before the Board. The day before the hearing, the parties settled. Wal–Mart agreed to pay Pugh $1,200.00, covering approximately five weeks of disability, as well as medical expenses. Wal–Mart agreed that Pugh was entitled to attorneys' fees, but the parties did not agree on the amount. As a result, they presented their arguments to the Board, which awarded Pugh $400 in attorneys' fees. The Superior Court affirmed that award on appeal.

### Discussion

The first issue is whether the Board has the authority to award attorneys' fees in these circumstances. The relevant statute, 19 *Del. C.* § 2320(10), provides:

> (a) A reasonable attorney's fee in an amount not to exceed 30 percent of the award or 10 times the average weekly wage in Delaware ... at the time of the award, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under Part II of

this title and taxed as costs against a party....

In this case, arguably, the Board did not "award compensation" because the parties reached a settlement without Board action.

■ This Court has long recognized that "the purpose of § 2127 [the predecessor to § 2320(10)] was and is to relieve a successful claimant of the burden of legal fees and expenses, at least in part."[1] In *Lattis v. Blackwell and Son, Inc.*[2], the Court addressed the availability of attorneys' fees in a case where the employer had filed a petition to terminate benefits, but *withdrew the petition shortly before the scheduled Board hearing.* Although there had been no Board action or award, the Court recognized that the critical factor was that the claimant had prevailed:

> The statutory provision for the award of counsel fees in workmen's compensation matters reflects a legislative intention that "an employee pursuing a meritorious claim for workmen's compensation not be required to pay counsel fees from the proceeds of the award." This Court has emphasized the public policy underlying the Workmen's Compensation Act that an injured employee should not be exposed to the hazards of litigation and, where forced to a hearing, an unsuccessful employer should pay the expenses in the form of counsel fees.

Although the Board and the Superior Court interpreted section 2127 as conditioning an award of counsel fees on a specific responsive action by the Board, we do not believe the statute, given its remedial purpose, should be afforded so narrow a meaning.[3]

---

**1.** *Ham v. Chrysler Corporation,* 231 A.2d 258, 263 (Del.1967).

**2.** 1992 WL 53435 (Del.Supr.1992).

**3.** *Lattis v. Blackwell and Son, Inc.,* 1992 WL 53435 at *1–*2 (Del.Supr.) (Citations omitted.)

The *Lattis* reasoning applies equally to the facts of this case, where the claimant's attorney succeeded in obtaining disability benefits from her employer. Accordingly, we hold that § 2320(10)(a) authorizes the Board to award attorneys' fees to a claimant who prevails through a settlement rather than a Board determination.

■■■ The second issue concerns the amount of attorneys' fees awarded by the Board. Pugh argues that the Board abused its discretion by failing to include in its fee calculation non-monetary benefits, such as the determination that she suffered a compensable injury; recognition that the Board has jurisdiction over her claim; recognition of the five year statute of limitations; and the possibility of future permanency and disfigurement benefits. Pugh is correct that a fee award may be based on non-monetary benefits:

> Pursuant to [the predecessor to § 2320(10)] a reasonable attorney's fee is to be granted any employee who is awarded compensation under the Workmen's Compensation Act. The purpose of [the statute] is to ensure that an employee may recover attorney's fees from his employer based on the effort and accomplishment of his attorney. That accomplishment need not be monetary. Thus, an employee is entitled to attorney's fees as the result of "any favorable change of position or benefit, as the result of a Board decision, rather than just being limited to a contemporaneous financial gain."[4]

But every claimant who obtains a disability award also obtains the benefit of a finding of compensable injury, Board jurisdiction,

the five year statute of limitations, etc. Those non-monetary benefits do not automatically translate into an additional sum beyond the amount determined by reference to the monetary award.

Pugh argues that the Board mistakenly believed that it was not permitted to award more than an amount calculated by reference to the monetary benefits. She points to the Board's statement that, "when dealing with an award of an inchoate or non-monetary benefit, ... the Board must value the award with reference to an actual monetary amount affected, so that there is some actual number against which to apply the thirty percent calculation."[5] The Board then determined that the $1,200 in disability payments was the only number from which the fee could be determined.

To the extent that the Board believed it was precluded from assigning any additional value for non-monetary benefits, the Board was mistaken. That mistake does not vitiate the award, however, because there is nothing in the statute or case law requiring the Board to value the non-monetary benefits and then include that value in the fee calculation. Under settled Delaware law, the factors to be considered in determining a reasonable attorneys' fee are those listed in Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct, plus the two factors added in *General Motors Corporation v. Cox*.[6] One factor is "the amount involved and the results obtained...."[7] Here, the amount involved was $1,200 and the results obtained included the non-monetary benefits that custom-

---

4. *Acme Markets, Inc. v. Fry,* 1991 WL 22370 at *4 (Del.Supr.) (Citations omitted.)

5. *Pugh v. Walmart,* Hearing No. 1267833, Industrial Accident Board Order at 5 (April 28, 2006).

6. 304 A.2d 55, 57 (Del.1973).

7. DLRPC Rule 1.5(4).

arily accompany a finding of compensability. The Board considered all of the *Cox* factors and awarded $400 in attorneys' fees.[8] In doing so, the Board expressly rejected any future monetary benefits Pugh might receive (as being speculative), and implicitly rejected any added value associated with non-monetary benefits (as being adequately reflected in the monetary award). We find no abuse of discretion with respect to either determination.

**Conclusion**

Based on the foregoing, the judgment of the Superior Court, affirming the decision of the Industrial Accident Board, is AFFIRMED.

8. We note that, although the Board apparently intended to award 30% of $1,200, the $400 that was awarded is one third (33%) of $1,200. We expressly affirm the award, without correction.