KENNETH MITCHELL, SR., Claimant Below, Appellant,
v.
PURDUE, INC., Employer Below, Appellee.
No. 599, 2008.
Supreme Court of Delaware.
Submitted: April 22, 2009.
Decided: May 21, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 21st day of May 2009, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:
1. Kenneth Mitchell, Sr., claimant below-appellant, appeals from a Superior Court decision affirming the Industrial Accident Board's ("IAB" or the "Board") limited award of attorneys' fees against Purdue, Inc., employer below-appellee. Mitchell raises two arguments on appeal. First, Mitchell claims that the Board erred as a matter of law when it limited the award of attorneys' fees. Second, he contends that the Superior Court erred as a matter of law in determining that the Board's award was reasonable. We find no merit to these arguments and affirm.
2. Mitchell sustained an injury to his shoulder and filed with the IAB a petition to determine compensation due. The Board held a hearing on February 8, 2008, at which Mitchell sought a ruling that his injury was a compensable work injury, an award of total disability benefits and medical expenses, and costs and attorneys' fees. Purdue disputed only the causation of Mitchell's injury.[1]
3. After the hearing, the Board issued a decision dated April 8, 2008, wherein it found that Mitchell's injury was a compensable work injury and awarded him total disability benefits and medical expenses. Specifically, the Board awarded medical expenses in the amount of $1,741.59 and total disability benefits from June 13, 2007 to August 17, 2007 at the rate of $467.76 per week, for a total of $4,410.46.[2] The Board also awarded Mitchell medical witness expenses.
4. In ruling upon the request for attorneys' fees, the Board considered the ten factors enumerated in General Motors Corp. v. Cox.[3] It noted that Mitchell's counsel submitted an affidavit attesting to 20 hours of preparation for this three-hour hearing, and that the case was not novel or difficult, and did not require exceptional legal skills to try properly. The Board also noted that Mitchell's counsel argued that the acceptance of this case precluded other employment, that the case imposed time limitations upon counsel, and that Mitchell initially contacted counsel on August 14, 2007. The Board further noted that it was argued that the fee arrangement was contingent, that counsel did not expect to receive compensation from any other source, and that Purdue was able to pay an award. After considering Mitchell's counsel's relative experience, reputation and ability, the fees customarily charged in the locality for similar legal services, the amounts involved, and the results obtained, the Board found that a reasonable attorneys' fee was the lesser of 30% of Mitchell's total award, or $5,750.[4]
5. After the Board's decision, Mitchell appealed to the Superior Court on the sole issue of the limited award of attorneys' fees, arguing that the Board erred as a matter of law by failing to consider the non-monetary benefits counsel secured for Mitchell. After briefing, the Superior Court held a teleconference in which the parties agreed that there was no explicit claim for non-monetary benefits as a basis for a larger fee award. Instead, Mitchell's counsel argued, that the claim was implicit: the dispute centered on determining causation  a non-monetary benefit. On November 25, 2008, the Superior Court affirmed the Board's decision, finding that the Board was not required to value non-monetary benefits and that it had properly applied the Cox factors.[5] This appeal followed.
6. In reviewing decisions of the IAB, our role is limited. We review the record to determine whether the Board's decision is supported by substantial evidence and is free from legal error.[6] "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] However, we do not weigh the evidence, determine credibility or draw our own factual findings or conclusions.[8] We review questions of law de novo.[9]
7. Mitchell claims that the Board erred as a matter of law by limiting its award of attorneys' fees to 30% of the monetary award. He argues that the Board should have considered the non-monetary benefits secured by counsel, resulting in an award disproportionately low in relation to the time spent and the results achieved.
8. The IAB's authority to award attorneys' fees is found in 19 Del. C. § 2320(10), which provides:
a. A reasonable attorney's fee in an amount not to exceed 30 percent of the award or 10 times the average weekly wage in Delaware ... at the time of the award, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under Part II of this title and taxed as costs against a party....
This Court recently examined issues relating to attorneys' fees awarded by the IAB, including the issue of whether those fees could be based upon both monetary and non-monetary benefits secured for the claimant by counsel. In Pugh v. Wal-Mart Stores, Inc.,[10] we noted that the purpose of Section 2320(10) "is to relieve a successful claimant of the burden of legal fees and expenses, at least in part."[11] Section 2320(10) was intended "to ensure that an employee may recover attorney's fees from his employer based on the effort and accomplishment of his attorney."[12] That accomplishment need not be monetary  an employee is entitled to attorneys' fees as the result of "any favorable change of position or benefit, as the result of a Board decision...."[13]
9. Although Pugh holds that a fee award may be based on non-monetary benefits  such as the value of a finding of compensability, jurisdiction, or inapplicability of the statute of limitations  we also noted that non-monetary benefits arise in all cases where a claimant successfully obtains a benefit for a compensable injury.[14] For that reason, non-monetary benefits "do not automatically translate into an additional sum beyond the amount determined by reference to the monetary award."[15] Accordingly, while the Board is permitted to consider the non-monetary benefits gained for the claimant by counsel, the Board is not required to do so in its fee calculation.[16] Because the statute did not require the Board to value non-monetary benefits, the Board's mistaken belief that it was precluded from assigning any additional value to non-monetary benefits was found not to vitiate the award.[17]
10. Here, Mitchell received more than simply a non-monetary benefit. After finding that his injury was a compensable work injury, the Board awarded Mitchell a monetary benefit totaling $6,152.05. As we noted in Pugh, because every award of monetary benefits to a claimant is necessarily accompanied by a finding of causation, that non-monetary benefit does not automatically increase the base upon which attorneys' fees are calculated. The Board has discretion to consider such a benefit, but it is not required to do so. Mitchell bore the burden of establishing his entitlement to an award of attorneys' fee. Because he did not request that the Board consider non-monetary benefits, the Board did not abuse its discretion by not doing so.
11. Mitchell also claims that the attorneys' fees award was disproportionately low in relation to the time spent and results achieved in this matter. He argues that when the Board is not constrained by the maximum fee limit in Section 2320(10), it customarily awards fees in the range of $260 to $325 per hour for experienced counsel.[18] Here, the Board's award amounted to only $80 per hour.[19]
12. Cox sets forth the factors to be considered in determining a reasonable attorneys' fee in a workers' compensation case.[20] A review of the Board's decision here discloses that the Board thoroughly and adequately addressed the Cox factors.[21] The Board concluded that Mitchell was entitled to attorneys' fees amounting to the lesser of 30% of the total award, or $5,750. The Board expressly found such an award was reasonable, given Mitchell's counsel's level of experience and the nature of the legal task, and noted that the award would be an offset against fees that would otherwise be charged by counsel to Mitchell under their fee agreement.[22]
13. Finally, Mitchell argues that the Superior Court erred as a matter of law by holding that attorneys' fees could not be awarded based upon non-monetary benefits unless there is a "direct or explicit claim for the basis of a larger fee award." He contends that there is no statute, case law, or Board rule mandating such a restriction on fees, and that IAB procedures do not provide an opportunity to make a separate tailored request for attorneys' fees after the underlying issues are resolved.
14. This argument lacks merit. The Superior Court's affirming decision was not, as Mitchell suggests, premised on its holding that a claimant must make a direct or explicit claim for non-monetary benefits as the basis of a larger fee award. Although the Superior Court did note that making such a request was advisable to enable the Board to consider whether such an award might be appropriate, that observation was not the ground of the Superior Court's decision. The rationale for the Superior Court upholding the Board's exercise of discretion, was its correct application of our holding in Pugh that the Board is not required to include the value of non-monetary benefits in its fee calculation.[23]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Mitchell v. Purdue, Inc., I.A.B., No. 1306769, at 2 (Apr. 8. 2008) ("IAB Decision").
[2] IAB Decision at 19.
[3] The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fees customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
(9) The employer's ability to pay.
(10) An affidavit from the claimant as to what fees and expenses, if any, have been received or will be received from any other source.
See Cox, 304 A.2d 55, 57 (Del. 1973).
[4] IAB Decision at 17-18. The total award was $6,152.05. Thirty percent (30%) of that amount resulted in a fee award of $1,845.62.
[5] Mitchell v. Purdue, Inc., Del. Super., No. SS08A-04-002, at 5, 7, 8 (Nov. 25, 2008) ("Superior Court Decision").
[6] See Vincent v. E. Shore Markets, ___ A.2d ___, 2009 WL 922750, at *2 (Del. Supr. Apr. 7, 2009); Histed v. E.I. duPont de Nemours & Co., 621 A.2d 340, 342 (Del. 1993); see generally 29 Del. C. § 10142(d) (establishing standard of review for agency decisions).
[7] Anchor Motor Freight v. Ciabottoni, 716 A.2d 154, 156 (Del. 1998) (citations omitted).
[8] Johnson v. Chrysler Corp., 213 A.2d 64, 66-67 (Del. 1965).
[9] Anchor Motor Freight, 716 A.2d at 156.
[10] 945 A.2d 588 (Del. 2008).
[11] 945 A.2d at 590 (quoting Ham v. Chrysler Corp., 231 A.2d 258, 263 (Del. 1967)). Cf. Lattis v. Blackwell & Son, Inc., 608 A.2d 728 (Table), 1992 WL 53435, at *1 (Del. Supr. Feb. 28, 1992) ("The statutory provision for the award of counsel fees in workmen's compensation matters reflects a legislative intention that `an employee pursuing a meritorious claim for workmen's compensation not be required to pay counsel fees from the proceeds of the award.' This Court has emphasized the public policy underlying the Workmen's Compensation Act that an injured employee should not be exposed to the hazards of litigation and, where forced to a hearing, an unsuccessful employer should pay the expenses in the form of counsel fees.") (citations omitted).
[12] Pugh, 945 A.2d at 591 (quoting Acme Markets, Inc. v. Fry, 587 A.2d 454 (Table), 1991 WL 22370, at *4 (Del. Supr. Jan. 25, 1991).
[13] Id. (citing Acme Markets, 1991 WL 22370, at *4).
[14] Id.
[15] Id.
[16] Id.
[17] Id.
[18] See Cravens v. Wal-Mart Distribution Center, Del. Super., No. 07A-06-005, at 5-6 n.15 (Sept. 22, 2008) (citing cases).
[19] 30% of the total award of $6,152.05 is $1,845.62, which is less than the alternative award of $5,750. Counsel submitted an affidavit attesting to 23 hours of work  $1,845.62 ÷ 23 = $80.24.
[20] See supra at n.3.
[21] See IAB Decision at 17-18.
[22] IAB Decision at 18-19.
[23] Superior Court Decision at 6.