HUGO W. BOBERTZ, RESPONDENT-APPELLEE, v. TOWN-SHIP OF HILLSIDE, PROSECUTOR-APPELLANT.

Argued February 5, 1941—Decided May 1, 1941.

For the respondent-appellee, *Kellogg & Chance* (*R. Robinson Chance*).

For the prosecutor-appellant, *Nathan Rabinowitz* and *Isadore Rabinowitz*.

The opinion of the court was delivered by

WOLFSKEIL, J. The respondent, as sewer inspector of the Township of Hillside, was engaged in the examination of sewers in the course of his routine duties. To investigate and correct the clogging in one of the sewers, he went down a manhole. He slipped on a step and sewage was spattered on his face and mouth. Subsequently he developed a virulent attack of typhoid fever which rendered him delirious for a time and incapacitated him over a long period. He petitioned for compensation and payment of his expenses for medical attention and hospital treatment, based on the allegation of an accident arising out of and in the course of his employment. Compensation was denied by the Workmen's Compensation Bureau, but was granted by the Court of Common Pleas, and the Supreme Court affirmed the award.

Appellant appeals on two main grounds. One is that it had no knowledge of the injury, received no notification and that the circumstances did not debar possibility of notice. The second is that there was error in considering the award for medical and hospital expenses as a foundation for fixing the allowance to petitioner's attorney, it being contended that the fee of the attorney should be calculated only on the amount of allowance given for disability.

(1) The appellant limited its defense to a denial that respondent had suffered a compensable accident. It cannot thereafter contest the outcome on other and different grounds. The implication of appellant's answer is that it disavowed responsibility for medical care and considered it would not have been obligated to furnish any, even if it had received notification. The present argument of petitioner on the score of lack of notice is therefore incongruous. It is illogical and unavailing for appellant to make a point of the omission of notice when at the same time it indicated that the giving of notice would have occasioned no difference in the attitude appellant assumed. It appears conceded and taken to be a matter of general knowledge that typhoid fever can be contracted through contact with sewage, as happened in the case of respondent. There is a period of incubation in typhoid, during which the patient may not be aware that he is developing the disease and therefore can have no communicable knowledge of it. Respondent was also stricken with the delirium that is one of the phases of the illness and during that period as well, the petitioner was manifestly precluded from the capacity of conscious communication. *R. S.* 34:15-15 gives authority for recompense as to physicians' treatment, hospital services and similar expenses undergone by the employe when "the circumstances are so peculiar as shall justify, in the opinion of the Workmen's Compensation Bureau, the expenditure assumed by the employe * * *." There is sufficient in the case to warrant a finding of the kind of circumstances envisioned in the statute to justify the expense for the medical and hospital services. The Common Pleas Court adjudged that there had been legal notice to appellant. Nothing is presented to justify a variance from

or reversal of that determination. Besides, appellant's conduct does not appear to have been that of a party uniformed, but rather it inferred an awareness and recognition of respondent's condition.

(2) Respondent-petitioner was awarded $1,000 for disability compensation and $4,296.05 for his medical and hospital disbursements. An allowance of $300 was made to petitioner's attorney. The amount of medical and hospital expense was not disputed, the sum having been left to the discretion of the trial court. The amount is fair and reasonable, considering the time consumed and services rendered. The appellant holds that the computation of the counsel fee is referable only to the $1,000 disability compensation. A proportion not exceeding 20 per cent. of the judgment is permissible for the attorney's fees. *R. S.* 34:15-64. Appellant seeks to segregate the award into separate parts, and to exclude the portion of medical and hospital expenses from calculation. There is nothing in the statute which evinces an intention for such segregation. The law in this field conceives of the judgment as a single entity, comprised of the various component elements out of which it is aggregated, and among which are medical, hospital and analogous expenditures. To excise the latter from the estimation of the entire judgment is to invoke an arbitrary interpretation for which no warrant is afforded in the language of the statute. *R. S.* 34:15-16 particularly mentions such items in relation to an award. They are part of the judgment. *Simon* v. *New Jersey Asphalt and Paving Co.,* 123 *N. J. L.* 232; 8 *Atl. Rep.* (2d) 256. The allowance for the petitioner's attorney was subject to the discretion of the trial court, and it was set within the permissible statutory limit.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, PERSKIE, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ.  14.

*For reversal*—None.