# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE BOEING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N14C-12-055 EMD CCLD |
| | ) | |
| SPIRIT AEROSYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted:  September 1, 2017
Decided: December 5, 2017

*Upon Defendant-Counterclaim Plaintiff Spirit Aerosystems, Inc.'s*
*Motion for Attorneys' fees*
***GRANTED in part and DENIED in part***

William M. Lafferty, Esquire, John P. DiTomo, Esquire, Barnaby Grzaslewicz, Esquire, Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware, Craig S. Primis, Esquire, Michael A. Glick, Esquire, Tracie L. Bryant, Esquire, Kirkland & Ellis LLP, Washington, DC, Eric F. Leon, Equire, Kirkland & Ellis, New York, New York, *Attorneys for Plaintiff The Boeing Company*

John A. Sensing, Esquire, Jesse L. Noa, Esquire, Potter Anderson & Corroon LLP, Wilmington, Delaware, Evan R. Chesler, Esquire, Darin P. McAtee, Esquire, Timothy G. Cameron, Esquire, J. Wesley Earnhardt, Esquire, Caravath, Swaine & Moore LLP, New York, New York, *Attorneys for Defendant-Counterclaim Plaintiff Spirit Aerosystems, Inc.*

**DAVIS, J.**

## I. INTRODUCTION

This civil action is assigned to the Complex Commercial Litigation Division of the Court. On December 5, 2014, Plaintiff The Boeing Company ("Boeing") filed a Complaint (the "Complaint") against Defendant Spirit Aerosystems, Inc. ("Spirit") for Breach of Contract and Declaratory Judgment.  On September 25, 2015, Spirit filed a counterclaim (the "Counterclaim")

against Boeing for Breach of Contract and Declaratory Judgment. Spirit sought a declaration that Boeing must indemnify Spirit for the costs associated with this and other legal proceedings.

On December 20, 2016, the parties filed cross-motions for summary judgment. The cross-motions sought summary judgment on the Breach of Contract and Declaratory Judgment counts based on the parties' differing characterization of the liabilities at issue. After a hearing, the Court issued a decision denying Boeing's summary judgment and granting Spirit's motion for summary judgment.

On July 12, 2017, Spirit filed a Motion for Attorneys' Fees, Costs, Expenses, and Pre- and Post-Judgment Interest (the "Motion"). Boeing filed an Opposition to Spirit Aerosystems, Inc.'s Motion for Attorneys' Fees, Costs, Expenses, and Pre- and Post-Judgment Interest (the "Response") on August 18, 2017. Spirit filed a Reply Brief in Further Support of Its Motion for Attorneys' Fees Costs, Expenses, and Pre- and Post-Judgment Interest (the "Reply") on September 1, 2017. After reviewing the Motion and the Response, the Court determined that no hearing was necessary and took the matter under advisement on December 1, 2017.

This is the Court's decision on the Motion. For the reasons set forth below, the Court will **GRANT in Part and DENY in Part** the Motion.

## II. RELEVANT FACTS

In June of 2005, Boeing sold its manufacturing facilities in Wichita, Kansas and Tulsa and McAlester, Oklahoma to Spirit.[1] The parties memorialized the sale through an Asset Purchase Agreement ("APA").[2] As part of the APA, Boeing and Spirit apportioned certain assets and liabilities related to the employees working at the Kansas and Oklahoma facilities.[3]

---

[1] *Boeing Co. v. Spirit Aerosystems, Inc.*, 2017 WL 2799174, at *1 (Del. Super. June 27, 2017).
[2] *Id.*
[3] *See* Compl. Ex. A, Asset Purchase Agreement. Ex. A to the Complaint will be cited as "APA § __."

2

For purposes of this litigation, the relevant assets and liabilities are Boeing's collective bargaining agreements ("CBAs") and Boeing's benefit plans, including pension and retiree medical benefits. Section 11.15 of the APA ("Section 11.15") states:

> Except as otherwise expressly provided in this Agreement, if any Proceedings for the enforcement of this Agreement is brought, or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions hereof, the successful or prevailing party shall be entitled to recover reasonable attorneys' fees and other costs incurred in that Proceeding, in addition to any other relief to which it may be entitled.[4]

The APA also provides that Boeing must indemnify Sprit in certain circumstances. Section 9.1 states:

> After the Closing Date, and subject to the limitations set forth herein and except with respect to the matters that are the subject of Section 9.5, Seller agrees to indemnify, defend and hold harmless each Buyer Group Member from and against any and all losses, Liability, damages, costs and expenses, including costs of investigation and defense and reasonable fees and expenses of lawyers, experts and other professionals . . . arising from: . . . (iv) the Excluded Liabilities. . . .[5]

Boeing terminated certain Hired Employees as defined in Section 6.2(a) of the APA. The Hired Employees claimed that Boeing breached its obligation under its CBAs to provide certain early retirement benefits.[6] Boeing's CBAs placed limits on union employees' entitlement to early retirement benefits in cases of termination.[7] The Hired Employees filed two underlying actions based on Boeing's alleged breach of the CBAs.

On July 21, 2005, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") filed a grievance on behalf of certain

---

[4] APA § 11.15; *see also Boeing* 2017 WL 2799174, at *12.
[5] APA § 9.1; *see also Boeing* 2017 WL 2799174, at *4.
[6] *Boeing* 2017 WL 2799174, at *4.
[7] *See id*.

Hired Employees at the Oklahoma facilities.[8]   Consistent with the CBA's grievance procedure, the UAW escalated its grievance to arbitration (the "UAW Arbitration").[9]

Similarly, in June and August of 2005, the Society of Professional Engineering Employees in Aerospace ("SPEEA") and the International Association of Machinists ("IAM") and Aerospace Workers filed separate grievances on behalf of Hired Employees at the Kansas facilities.[10]   Individual union members brought a class action suit in United States District Court for the District of Kansas and consolidated with the litigation brought by SPEEA and IAM (the "*Harkness* Class Action").

As discussed above, Boeing filed the Complaint against Spirit on December 5, 2014.  On September 25, 2015, Spirit answered the Complaint and filed the Counterclaim.  As part of Spirit's claim for relief, Spirit sought a declaration that Boeing must indemnify Spirit for the costs associated with this and other legal proceedings.  On June 27, 2017, the Court granted summary judgment in favor of Spirit.

As part of the decision, the Court determined that "all liabilities related to Boeing's CBAs are considered Excluded Liabilities."[11]  The Court found that the UAW Arbitration arose from Boeing's breach of its CBA's.  Further, the Court held that the *Harkness* Class Action arose from Boeing's breach of its CBA's.  The Court determined that fees under Section 9.1 are warranted for the Excluded Liabilities.

The Court also ruled that under Section 11.15, Boeing must reimburse Spirit for its reasonable attorneys' fees, costs, and expenses incurred in connection with the present litigation and the underlying proceedings.

---

[8] *Id.*
[9] *Id.*
[10] *Id.* at *5.
[11] *Id.* at *12.

On July 12, 2017 Spirit filed the Motion. Boeing filed the Response on August 18, 2017. Spirit filed the Reply on September 1, 2017.

### III. PARTIES' CONTENTIONS

**A. SPIRIT'S CONTENTIONS**

Spirit seeks: $11,049,748.61 in past fees, costs and expenses; $851,365.30 in pre-judgment interest to date; and post-judgment interest at a rate of $1,665.03 per diem until the other amounts are paid in full.[12] Spirit requests $9,609,425.60 in fees for the present litigation. Additionally, Spirit seeks $1,440,323.01 in fees from the *Harkness* Class Action and Spirits' responses to Boeing's indemnification demands.

Spirit claims that the fees are supported by documentation and reasonable under the factors listed in Rule 1.5 of the Delaware Rules of Professional Conduct ("Rule 1.5").

**B. BOEING'S CONTENTIONS**

Boeing argues that Motion should be denied or at least reduced because: (1) Spirit's fee request lacks adequate support; (2) Sprit's attorney's fees are not reasonable; and (3) Spirit is not entitled to pre-judgment or post-judgment interest.

Boeing also contends that the Motion lacks adequate support because the 11,000 hours of attorney's fees "are supported only by summary monthly invoices and vague descriptions that group together months' worth of tasks and lack any meaningful explanation. . . ." Boeing states that the nearly 11,000 hours of fees "is nearly double the number of hours that Boeing's *primary* counsel . . . has worked on this same litigation."[13] Finally, Boeing claims that interest does not apply to fee awards. [14]

---

[12] Mot. at 1.
[13] Resp. at 1 (emphasis added).
[14] *Id.* at 10.

**C.     SPIRIT'S REPLY**

In the Reply, Spirit argues that: (1) the fees are adequately supported; (2) the fees are reasonable; and (3) pre- and post-judgment interest are warranted in this case. Spirit states that the Motion is supported and line-item review of billing is not required. Next, Spirit contends that the fees are reasonable because Boeing had more familiarity with the UAW Arbitration, the *Harkness* Class Action, the APA, and how the Underlying Proceedings interacted with the CBAs.[15] Finally, Spirit claims that interest is allowed in this case because it is awarded as a matter of right and is due when the fees are a measure of damages.

## IV. DISCUSSION

The Court has discretion in determining a reasonable fee award.[16] The party seeking the attorneys' fees "bears the burden of establishing the reasonableness of the amount sought."[17]

**A.     ATTORNEYS' FEES**

> ### i.      *Spirit's request for fees is reasonably supported in the Motion and Thomas Affidavit*

The Court is not required to conduct a line-item review of the fees. A Court's determination of reasonableness of attorneys' fees "does not require that this Court examine individually each time entry and disbursement"[18] or conduct an independent inquiry of the appropriateness of counsel's fee for a particular filing or litigation tactic.[19]

Spirit provided the Affidavit of Deidra Thomas in Support of Spirit Aerosystems Inc.'s Motion for Attorneys' Fees, Costs, Expenses, and Pre- and Post-Judgment Interest ("Thomas

---

[15] *See* Reply at 4.
[16] *See AFH Holding & Advisory, LLC v. Emmaus Life Sciences, Inc.*, 2014 WL 1760935, at *4 (Del. Super. April 16, 2014).
[17] *Glob. Link Logistics, Inc. v. Olympus Growth Fund III, L.P.*, 2010 WL 692752, at *1 (Del. Ch. Feb. 24, 2010) (quoting *Korn v. New Castle Cty.*, 2007 WL 2981939, at *2 (Del. Ch. Oct. 3, 2007)).
[18] *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 997 (Del. Ch. 2012) (citing *Aveta Inc. v. Bengoa*, 2010 WL 3221823 (Del. Ch. Aug. 13, 2010)).
[19] *Danenberg*, 58 A.3d at 997.

Affidavit"). The Thomas Affidavit also contains one hundred and seventy-nine exhibits in support of the request for fees. Deidra Thomas is a paralegal in the legal department of Spirit. In the Thomas Affidavit, Ms. Thomas states that Spirit payed the invoices from law firms following the invoice date. In addition, Ms. Thomas states that to "the best of [her] knowledge and belief, the amount of attorney, paralegal and clerk time spent on this matter is normal and reasonable for this type of commercial litigation. This is especially true considering the complex issues involved in this case."[20]

Boeing does not argue that any of the attorneys' fees are unrelated to the enforcement of the APA. The Thomas Affidavit states that Spirit incurred $9,609,425.60 in reasonable attorneys' fees for this action. These attorneys' fees are warranted under Section 11.15. Additionally, Spirit incurred $1,440,323.01 in reasonable attorneys' fees for Spirits' participation in the *Harkness* Class Action and Spirits' responses to Boeing's indemnification demands.[21] The Court already held that "all liabilities related to Boeing's CBAs are considered Excluded Liabilities."[22] The reasonable fees associated with the *Harkness* Class Action and Spirits' responses to Boeing's indemnification demands are warranted under Section 9.1(a)(iv).

### ii. *Spirit's request for fees is reasonable for this case*

Generally, litigates are responsible for their own litigation costs.[23] If a contract contains a fee shifting provision, the court will make exception to the general rule.[24] Even with a fee shifting provision, the court must determine whether the requested fees are reasonable.[25] To

---

[20] Aff'd of Deidra Thomas in Support of Spirit Aerosystems Inc.'s Motion for Attorneys' Fees, Costs, Expenses, and Pre- and Post-Judgment Interest ("Thomas Aff'd") ¶ 51.
[21] *Id.* ¶¶ 19, 47.
[22] *Boeing*, 2017 WL 2799174, at *12.
[23] *Mahani v. Edix Media Group, LLC*, 935 A.2d 242, 245 (Del. 2007) (citing *Chrysler Corp. v. Dann*, 223 A.2d 384, 386 (Del. 1996)
[24] *Mahani*, 935 A.2d at 245 (citing *All Pro Maids, Inc. v. Layton*, 2004 WL 1878784, *12-13 (Aug. 9, 2004)).
[25] *Mahani*, 935 A.2d at 245 (citing Del. Lawyer's Rules of Prof'l Conduct R. 1.5(a)(1)(a)).

7

determine if the fees are reasonable, the court considers the factors listed in Rule 1.5.[26] The factors include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.[27]

The Court finds that the relevant factors support the reasonableness of Spirit's attorneys' fees. First, the case involved a complicated issue of interpreting the APA, which required large legal teams to evaluate the terms. Additionally, Boeing was more familiar with the subject of this litigation. Neither party argues that the second factor applies in this case. Third, the hourly rates charged by Potter Anderson & Corroon LLP and Cravath, Swaine & Moore LLP are comparable to other firms dealing with complex corporate issues in the area. Fourth, Boeing sought $150 million in this litigation and Spirit seeks nearly $9 million in attorneys' fees. Additionally, the Court granted Spirit's motion for summary judgment and denied Boeing's motion for summary judgment. Like the second factor, the fifth factor is not implicated in this case.[28]

Sixth, Spirit and Cravath have had a contractual relationship for nearly seven years. Spirit retained Potter Anderson at the inception of the present litigation. The length of the professional relationship between Spirit and its attorneys indicates that Spirit's attorneys charged reasonable fees. Seventh, the Court notes that Spirit's attorneys are well regarded corporate law

---

[26] *Mahani*, 935 A.2d at 245 (citing Del. Lawyer's Rules of Prof'l Conduct R. 1.5(a)(1)).
[27] Del. Lawyer's Rules of Prof'l Conduct R. 1.5(a)(1).
[28] To any degree Boeing makes an argument under the fifth factor, the argument is subsumed under the first factor.

firms. Eighth, the attorneys had a fixed hourly fee. Spirit typically paid invoices within forty-five-days after the invoice date.[29]

Boeing argues that the attorneys' fees sought by Spirit are excessive. Boeing argues that Cravath billed twice as many hours as Boeing's primary counsel.[30] Although Boeing argues that Spirit's primary counsel billed twice as many hours as Boeing's primary counsel, Boeing does not indicate how many hours other counsel spent on the case. Further, the Court believes that Cravath's additional billing seems warranted in this case. The Court may find a fee unreasonable when one side bills twice as many hours as the other side.[31] However, the parties are generally on equal playing fields. Boeing tries to argue that the billed hours should be the same because both parties conducted the same actions for the Court in preparation for trial. However, Spirit notes that it was at a disadvantage at the beginning of litigation. Specifically, Spirit notes:

> Spirit was not party to the UAW Arbitration, and was a part-time participant in the *Harkness* Litigation, whereas Boeing was the target of the UAW Arbitration and the full-time, lead defendant in *Harkness*. . . .
>
> Boeing negotiated the APA on its own behalf, whereas a third party (Onex Corporation) negotiated the APA for Spirit. Since the meaning of the APA was the core issue in this case, this asymmetry of information impacted many tasks performed by Spirit's attorneys, who had to understand a complex corporate transaction with little to no prior familiarity with what occurred.
>
> Another key issue in this case was how the Underlying Proceedings interacted with Boeing's own collective bargaining agreements ("CBAs"). Boeing already had great familiarity with and institutional knowledge concerning its own CBAs. Spirit did not, and its counsel again started from square one.[32]

For these reasons, the attorneys' fees appear reasonable.

---

[29] Thomas Aff'd ¶ 6.
[30] Response at 6.
[31] *See Concord Steel, Inc. v. Wilmington Steel Processing Co.*, 2010 WL 571934, at *4 (Del. Ch. Feb. 5, 2010) (finding attorneys' fees unreasonable "[b]ased on . . . the fact that the amount billed by Defendants' counsel was roughly half of the amount billed by [Plaintiff]'s counsel"); *Dunlap v. Sunbeam Corp.*, 1999 WL 413299, at *1 (Del. Ch. June 7, 1999) ("[E]vidence of fees and expenditures of other parties may be relevant to the issue of the reasonableness of the petitioner's fees. . . .").
[32] Reply at 4.

The Court finds the Thomas Affidavit very helpful to the overall determination of reasonableness. Spirit reviewed, approved and paid its attorneys' fees and costs on a regular basis. Ms. Thomas stated that these fees and costs were "reasonable."[33] Absent some demonstration to the contrary, the Court is not going to second guess a for-profit business that reviews its legal bills on a regular basis, makes determinations that the fees and costs are reasonable and then pays the bills. Especially when Spirit had no guarantee from the outset that the attorneys' fees and costs would be reimbursed under the APA.[34]

## B.  PRE-TRIAL AND POST-TRIAL INTEREST

Spirit is not entitled to interest on the attorneys' fees award. Generally, fees are not part of the award for compensation.[35] In most cases, Attorney's fees are costs and interest is not awarded unless authorized by a statute or other means.[36] However, the Court awards interest on attorneys' fees in limited circumstances including for fees from a common fund settlement where the fee is part of the compensation.[37]

Spirit argues that it is entitled to interest as a matter of right and that the fees are part of the measure of damages. Although the Delaware Supreme Court has held that "prejudgment interest is awarded as a matter of right," the Court was ruling on an advancement that was already due before the judgment.[38] The Court further noted that "[t]he purpose of prejudgment

---

[33] Thomas Aff'd ¶ 51.

[34] *See Danenberg*, 58 A.3d at 997 (quoting *Aveta*, 2010 WL 3221823, at *6) ("If a party cannot be certain that it will be able to shift expenses at the time the expenses are incurred, the prospect that the party will bear its own expenses provides 'sufficient incentive to monitor its counsel's work and ensure that counsel [does] not engage in excessive or unnecessary efforts.'").

[35] *See Dennis v. PA Manufacturing Ass'n Ins. Co.*, 1992 WL 240458, at *2 (Del. Super. Aug. 14, 1992) (citing *Case v. City of Wilmington*, 260 A.2d 703 (Del. 1969)).

[36] *Dennis*, 1992 WL 240458, at *2 (citing *Moore v. Chrystler Corp.*, 233 A.2d 53, 55-56 (Del. 1967)); *see Wilmington Bd. of Public Educ. v. Digiacomo*, 1987 WL 36367 (Del. Feb. 9, 1987) (finding that the Court has discretion to authorize interest on attorneys' fees for an appeal from a Board decision under 19 *Del. C.* § 2350).

[37] *Oliver v. Boston U.*, 2009 WL 1515607, at *4 (Del. Ch. May 29, 2009).

[38] *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992); *see also Underbrink v. Warrior Energy Services Corp.*, 2008 WL 2262316, at *18-19 (Del. Ch. May 30, 2008) (granting interest on mandatory retroactive attorneys' fees that should have been advanced to the party).

interest is to compensate plaintiffs for losses suffered from the inability to use the money awarded during the time it was not available."[39]

In the instant case, Boeing did not owe Spirit any duty to advance payment of the attorneys' fees. The award of attorneys' fees in this case constitutes a contractual fee and indemnification. The APA provides that if "any Proceedings for the enforcement of this Agreement is brought the successful or prevailing party shall be entitled to recover reasonable attorneys' fees and other costs incurred in that Proceeding." Additionally, the APA allows for Spirit to recover fees from Excluded Liabilities. In this case, the APA provides for reasonable attorneys' fees, but not any interest on the award of the attorneys' fees.

The APA is a highly negotiated document. The APA provides when a party is entitled to attorneys' fees and costs. The APA does not contractually provide for interest. If the parties had intended interest to be paid on such items, the APA would have provided for interest. Here, there is no contractual provision granting interest on the attorneys' fees. As such, Spirit is not entitled to recover interest in this case.

## V. CONCLUSION

For the reasons set forth above, the Court will **GRANT in Part and DENY in Part** the Motion. As to Spirit's past fees amounting to $11,049,748.61, the Motion is **GRANTED**. As to any pre-trial or post-trial interest, the Motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 5, 2017
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

---

[39] *Id.*

11