# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERESA HOLBEN, | : | K18A-05-003 JJC |
| | : | In and for Kent County |
| Claimant-Below, | : | |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| PEPSI BOTTLING VENTURES, LLC, | : | |
| | : | |
| Employer-Below, | : | |
| Appellee. | : | |

## MEMORANDUM OPINION AND ORDER

Submitted: September 9, 2019
Decided: November 4, 2019

Walt F. Schmittinger, Esquire, & Candace E. Holmes, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware, *Attorneys for the Appellant*.

Robert S. Hunt, Esquire, Franklin & Prokopik, Wilmington, Delaware, *Attorney for the Appellee*.

**Clark, J.**

Appellant Theresa Holben (hereinafter "Ms. Holben") appeals an Industrial Accident Board (hereinafter "IAB" or "the Board") decision. Ms. Holben challenges the amount of the attorneys' fee that the Board ordered Pepsi Bottling Ventures, LLC (hereinafter "Pepsi") to pay her. She focuses on the Board's application of the factors outlined in *General Motors v. Cox*.[1]

In response, Pepsi cross-appeals and argues that the Board appropriately considered and applied the *Cox* factors. Pepsi also asserts that the attorneys' fee award was reasonable because the Board appropriately anchored it to the medical witness fees award. Nevertheless, Pepsi argues that the Board committed legal error by awarding her more than thirty-percent of the medical witness fees. Pepsi also challenges the Court's earlier decision holding that an attorneys' fee was available in any amount.[2] In seeking reargument on that issue, Pepsi cites authority that it did not provide to the Court in the first instance.

For the reasons discussed below, Ms. Holben was entitled to an attorneys' fee. To the extent Pepsi seeks a different decision after reargument on that issue, its request is **DENIED**. Nevertheless, the Board's award exceeded the maximum amount recoverable under the statute. Accordingly, the Board's decision must be **REVERSED** as legal error as to the amount due. Based upon the uncontroverted record below, the fee should have been the statutory maximum of thirty-percent of the medical witness fees awarded by the Board.

## I. Facts of Record and Procedural Background

Ms. Holben suffered a work injury on October 26, 2016. On July 25, 2017, Pepsi filed a Petition for Review, seeking to terminate her Temporary Total

---

[1] 304 A.2d 55, 57 (Del. 1973).
[2] *Holben v. Pepsi Bottling Ventures, LLC*, 2018 WL 6603792, at *9 (Del. Super. Dec. 13, 2018).

Disability ("TTD") benefits. Pepsi then sent a thirty-day rule offer[3] letter to Ms. Holben's attorney on January 24, 2018. In relevant part, Pepsi offered to settle the case by:

1. [p]lacing Claimant on an Open Agreement for temporary partial disability benefits at the weekly compensation rate of $146.42 . . .; and
2. [t]his offer is inclusive *and does not include* an award of an attorney's or *medical witness' fees*.[4]

Prior to an IAB hearing and within the thirty-day period that Ms. Holben had to consider the offer, she incurred a non-refundable $1,500 medical witness fee for Dr. Piccioni's deposition testimony. Accepting Pepsi's thirty-day rule offer would have required her to forgo payment of a medical witness fee that became non-refundable early within the thirty days. Pepsi excluded medical witness fees from its offer notwithstanding that Ms. Holben would receive them as a matter of right if she recovered any Temporary Partial Disability ("TPD") benefits after the hearing.

After the hearing, the Board terminated her TTD benefits and awarded her TPD benefits at a weekly compensation rate of $132.86. The Board separately awarded Ms. Holben medical witness fees. It did not award her an attorneys' fee, however, because the amount of TPD benefits recovered were less than what Pepsi had offered for TPD benefits.

Ms. Holben then appealed the IAB's decision contesting (1) the TPD compensation rate set by the Board, and separately (2) the Board's refusal to award an attorneys' fee because Ms. Holben recovered medical witness fees that Pepsi had excluded from its offer. On appeal, the Court affirmed the Board's finding regarding

---

[3] *See* 19 *Del. C.* § 2320(10)b. (providing for the thirty-day rule).
[4] Appellant Holben Opening Br., Ex. D (emphasis added).

the amount of TPD benefits.  However, the Court reversed the Board's denial of an attorneys' fee and remanded the matter.[5]

Thereafter, on January 10, 2019, Pepsi appealed the Court's decision regarding the attorneys' fee.  The Delaware Supreme Court dismissed the appeal as interlocutory because the matter had been remanded to the Board.[6]  On January 11, 2019, Ms. Holben then filed an application for an attorneys' fee for legal services performed in this Court.  The Court deferred Ms. Holben's application regarding any fee due for Superior Court litigation because the IAB had not yet concluded its findings on remand.[7]

On April 17, 2019, at the remand hearing, the Board heard argument on the attorneys' fee matter and issued a written decision.   In it, the Board addressed the difference between Pepsi's total settlement offer and the Board's total award.[8]  The Board also addressed the *Cox* factors.  It examined the difficulty of the case, fees customarily charged in the locality, the amounts involved, the result obtained, time limitations imposed upon Ms. Holben's counsel, and the experience and reputation of her counsel.[9]   The Board awarded $500 "based on the results obtained, information and arguments presented, the Superior Court's decision, and the fact that [Ms. Holben] turned down a reasonable settlement offer that would have netted her more money than the Board's award."[10]

Thereafter, Ms. Holben appealed the Board's decision.  Pepsi, in turn, filed a cross-appeal.

---

[5] *Holben v. Pepsi Bottling Ventures, LLC*, 2018 WL 6603792, at *1 (Del. Super. Dec. 13, 2018).
[6] *Pepsi Bottling Ventures, LLC v. Holben*, No. 16, 2019, at *4 (Del. Feb. 1, 2019).
[7] *Holben v. Pepsi Bottling Ventures, LLC*, 2019 WL 549036, at *1 (Del. Super. Feb. 11, 2019).
[8] *Holben v. Pepsi Bottling Ventures, LLC*, No. 1449337, at 2 (Del. I.A.B. May 1, 2019).  The Board calculated its TPD award to Ms. Holben as totaling $39,858.00, or $41,358.00 when adding the medical witness fees.  It compared this amount to the total of Pepsi's settlement offer, $43,926.00, and noted the settlement offer was still greater than the amount Ms. Holben received.
[9] *Holben v. Pepsi Bottling Ventures, LLC*, No. 1449337, at 3 (Del. I.A.B. May 1, 2019).
[10] *Id.* at 4.

4

## II.    The Parties' Arguments

In her appeal, Ms. Holben argues that the Board abused its discretion by basing its award upon an improper factor.[11] She further alleges that the Board failed to apply some of the *Cox* factors and did not explain the weight it gave to others. She also claims that the Board abused its discretion by relying on the fact that her total recovery was less than the total amount Pepsi had offered.

In response, Pepsi argues that the Board appropriately considered the *Cox* factors. Additionally, it argues that the Board's attorneys' fee award is reasonable because the Board based it primarily upon Ms. Holben's success on one issue, the medical witness fees. In Pepsi's cross-appeal, it separately argues that the Board's fee award should be reduced pursuant to 19 *Del. C.* § 2320(10)a. That paragraph, Pepsi argues, limits it to thirty-percent of the $1,500 award at issue. In this case, that would be $450.

Finally, Pepsi seeks Court reconsideration of its prior decision recognizing the appropriateness of any attorneys' fee in this case.[12] Pepsi emphasizes that medical witness fees are taxed as a cost, and should not be considered compensation. It also argues that because Ms. Holben rejected an offer of TPD benefits that exceeded what she actually recovered, it would be against public policy to award them in this case. Germane to the Court's decision to readdress this issue is Pepsi's cite to allegedly mandatory authority that Pepsi did not raise before the Court's December 13, 2018 Opinion.

In response to Pepsi's arguments on cross-appeal, Ms. Holben emphasizes that the Court's previous holding makes it the law of the case. In that regard, Ms.

---

[11] Appellant Holben Opening Br. at 19, 21.
[12] *Holben v. Pepsi Bottling Ventures, LLC*, 2018 WL 6603792, at *8–10 (Del. Super. Dec. 13, 2018).

5

Holben argues that Pepsi attempts an untimely motion for reargument by asking the Court to reconsider its previous decision. Finally, she substantively argues that the new authority Pepsi cites predates relevant 1995 statutory amendments, and has been abrogated by statute.

## III.  Standard of Review

This Court's appellate review of an IAB decision is limited to determining whether the Board's decision was supported by substantial evidence and whether the Board committed an error of law.[13]  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14] On appeal, the Court views the facts in the light most favorable to the prevailing party below.[15]  Moreover, the Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[16]  Absent any errors of law, which are reviewed *de novo*, a decision of the IAB supported by substantial evidence will be upheld unless the Board abused its discretion.[17]  Questions of statutory interpretation, as questions of law, fall within the Court's *de novo* review.[18]

## IV.  Analysis

This appeal involves two issues: one previously decided and a new one arising after the IAB's decision on remand.  With regard to the first issue, because Pepsi now cites a Delaware Supreme Court case that it alleges is controlling, the Court

---

[13] *Bullock v. K-Mart Corp.*, 1995 WL 339025, at *2 (Del. Super. May 5, 1995) (citing *General Motors v. Freeman*, 164 A.2d 686, 689 (Del. 1960)).

[14] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[15] *Chudnofsky v. Edwards*, 208 A.2d 516, 518 (Del. 1965).

[16] *Bullock*, 1995 WL 339025, at *2 (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

[17] *Hoffecker v. Lexus of Wilmington*, 2012 WL 341714, at *1 (Del. Feb. 1, 2012).

[18] *Delaware Bay Surgical Servs., P.C. v. Swier*, 900 A.2d 646, 652 (Del. 2006).

6

will address the matter in the interest of justice. The second issue on appeal involves the amount of the fee due. For the reasons that follow, the statute required an award of a fee. The IAB, however, exceeded the statutory maximum when awarding it.

**A. The 1995 Amendment to the Workers' Compensation Act included medical witness fees within the attorneys' fee provision; medical witness fees qualify as an issue that may trigger the right to recover an attorneys' fee.**

The Court provided its reasoning regarding the fee issue in its December 13, 2018 Opinion. Pepsi now cites additional authority that justifies a closer examination of the amendments to the Workers' Compensation Act ("Act").

At the outset, pursuant to the thirty-day rule, an attorney's fee is mandatory when the claimant succeeds on an issue.[19] A claimant cannot recover the fee if, thirty days or more prior to the hearing, the employer sends a written settlement offer to the claimant or the claimant's attorney that is equal to or greater than the amount ultimately awarded to the claimant.[20] The rule requires that an attorney's fee be denied if the claimant does not exceed the employer's pre-hearing offer regarding an "issue."[21]

Prior to a 1995 Amendment to the Act, the Act contained one provision that applied to medical witness fees. Namely, in what was then codified as 19 *Del. C.* § 2125, the General Assembly provided the following:

> [w]itness fees . . . shall be computed at the rate allowed to witnesses in the Superior Court. Costs legally incurred may be taxed against either party or apportioned between the parties at the sound discretion of the Board.[22]

---

[19] *Blythe v. VPI Mirrex, LLC*, 2004 WL 1102438, at *6 (Del. Super. May 10, 2004).
[20] 19 *Del. C.* § 2320(10)b.; *Blythe*, 2004 WL 1102438, at *6.
[21] 19 *Del. C.* § 2320(10)b.
[22] 19 *Del. C.* § 2125 (repealed 1997) (current version at 19 *Del. C.* § 2320(8)); *see* 71 Del. Laws ch. 84, §§ 1, 11 (1997).

7

Furthermore, *prior to 1995*, 19 *Del. C.* § 2127 provided for the recovery of attorneys' fees. That section did not address medical witness fees. In total, it provided:

(a) A reasonable attorney's fee in an amount not to exceed 30% of the award or $2,250, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this chapter and Chapter 23 of this title and taxed as costs against a party.
(b) No compensation, other than the fee provided by subsection (a) of this section, may be received by an attorney for services before the Board; provided, however, that this limitation shall not apply to any fee for services rendered by an attorney on appeal from an award or a denial of an award by the Board.[23]

In its briefing, Pepsi now relies on a 1969 Delaware Supreme Court decision, *Case v. City of Wilmington*.[24] In that case, the Supreme Court held that because medical witness fees were taxed as a cost to the employer, "[t]he amount of the fee cannot be said to be a part of the award for disability."[25] The then existing Act (1) included one section that treated all "witness fees" as costs, (2) did not address medical witness fees in the attorneys' fee provision, and (3) did not delineate matters as "issues" for fee award purposes. Given that construct, the Supreme Court held that a medical witness fee could not be considered part of an award for the purpose of computing an attorneys' fee.[26]

In addition, Pepsi also cites a pre-1995 Superior Court case, *Dennis v. Pennsylvania Manufacturers Association Insurance Co*,[27] in support of its argument. There, in reliance upon the *Case* decision, the Superior Court similarly held that

---

[23] 19 *Del. C.* § 2127 (amended 1995) (repealed 1997) (current version at 19 *Del. C.* § 2320(10)); *see* 70 Del. Laws ch. 129, § 1 (1995); 71 Del. Laws ch. 84, §§ 1, 11 (1997).
[24] 260 A.2d 703 (Del. 1969).
[25] *Id.*
[26] *Id.*
[27] 1992 WL 240458, at *2 (Del. Super. Aug. 14, 1992).

8

"[c]osts and fees which are costs are not part of the award for compensation to a claimant. . . The attorney's fees, medical witness fees, and transcript costs are all costs [,] not a part of the award of compensation."[28] In its decision, the *Dennis* Court recognized that absent statutory authorization, a claimant could not recover interest on costs, including on unpaid medical witness fees.[29] Pepsi argues that, by analogy, the *Dennis* decision's reasoning applies to attorneys' fees in the same way as it does to interest.

The General Assembly, however, amended the statute after the 1969 *Case* decision and the 1992 *Dennis* decision. When doing so, it restructured the attorneys' fee provision and included a reference to medical witness fees. When revising the attorneys' fee provision, the General Assembly did not include any cost other than medical witness fees within the section. It also, for the first time, included language providing that success on separate issues warrant separate awards of attorneys' fees. Finally, it included the requirement that the employer state in the offer "whether or not the offer on each issue is severable."

As opposed to the version considered by the Delaware Supreme Court in the *Case* decision, 19 *Del. C.* § 2320(10) now provides:

> (10) – Attorneys' Fee
>
> (a) A reasonable attorneys' fee in an amount not to exceed 30 percent of the award or 10 times the average weekly wage in Delaware as announced by the Secretary of Labor at the time of the award, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under Part II of this title and taxed as costs against a party.[30]
>
> (b) In the event an offer **to settle an issue** pending before the Industrial Accident Board is communicated to the claimant or the claimant's

---

[28] *Id.* (citing *Case*, 260 A.2d at 703).

[29] *Id.*

[30] 19 *Del. C.* § 2320(10)a. This version of the 30-day rule was first enacted as 19 *Del. C.* § 2127 in 1995. 70 Del. Laws ch. 129, § 1 (1995). In a 1997 amendment, the General Assembly

9

attorney, in writing, at least 30 days prior to the trial date established by the Board **on such issue** and the offer thus communicated is equal to or greater than the amount ultimately **awarded by the Board at the trial on that issue**, the provisions of paragraph (10)a. of this section shall have no application. If multiple issues are pending before the Board, said offer of settlement shall address each issue pending and shall state explicitly whether or not the offer on each issue is severable. **The written offer shall also unequivocally state whether or not it includes medical witness fees and expenses and/or late cancellation fees relating to such medical witness fees and expenses.**[31]

It is well-settled that the goal of statutory construction is to give effect to legislative intent.[32] As the Delaware Supreme Court recognized, "[i]n the construction of a statute, this Court has established as its standard the search for legislative intent. Where the intent of the legislature is clearly reflected by unambiguous language in the statute, the language itself controls."[33]

As discussed in the Court's previous decision, the thirty-day rule provisions found in Paragraph b. provide the penalty of preclusion of an attorneys' fee. Paragraph b., by negation, incorporates Paragraph a.[34] For there to be a loss of a right to an attorneys' fee in the manner provided in Paragraph b., there must have first been a right to seek one pursuant to Paragraph a. The General Assembly included (1) language linking success on *an* issue to attorneys' fees, (2) while addressing only one type of cost in the attorneys' fee provision — medical witness fees. This demonstrates the General Assembly's intent that medical witness fees constitute an issue for purposes of the thirty-day rule.

---

subsequently redesignated the provision at its current location, 19 *Del. C.* § 2320(10). 71 Del. Laws ch. 84, §§ 1, 11 (1997).

[31] 19 *Del. C.* § 2320(10)b. (emphasis added).

[32] *Richardson v. Bd. of Cosmetology & Barbering of State*, 69 A.3d 353, 357 (Del. 2013).

[33] *Zambrana v. State*, 118 A.3d 773, 775–76 (Del. 2015) (quoting *Spielberg v. State*, 558 A.2d 291, 293 (Del.1989)).

[34] 19 *Del. C.* § 2320(10)b. (providing that "the provisions of paragraph (10)a. of this section shall have no application" if the thirty-day rule's consequences are imposed).

In the alternative, to the extent that this statute contains an ambiguity, the same conclusion follows from reading the two paragraphs *in pari materia*.[35] If there is more than one reasonable interpretation of a statute, "the Court must apply accepted standards of statutory interpretation to arrive at what the legislature intended."[36] Furthermore, as "'[t]o that end, the statute must be viewed as a whole, and literal or perceived interpretations which yield mischievous or absurd results are to be avoided.' [The Court] must read each section in light of all others to produce a harmonious whole and achieve a 'sensible result.'"[37]

In this case, Paragraph a. provides for the award of an attorneys' fee and sets a cap on the permissible amount. Paragraph b. creates the thirty-day rule that defines when the fees are unavailable based on an offer/acceptance mechanism. Paragraph b. requires specificity from the employer regarding whether issues are to be considered separate or combined for settlement purposes. It also includes a specific reference to medical witness fees by requiring the settlement offer to "state whether or not it includes medical witness fees and expenses[.]"[38]

Pepsi argues that applying the statute in this manner offends good public policy. The Court disagrees. The two-fold policy behind the thirty-day rule is "(1) to encourage early settlement by employers *before claimants' attorneys must engage in substantial prehearing preparation,* and (2) to prevent abuses by claimants' attorneys, who do not accept valid settlement offers, and thereby force unnecessary

---

[35] *Holben v. Pepsi Bottling Ventures, LLC*, 2018 WL 6603792, at *9 (Del. Super. Dec. 13, 2018) (explaining that when read *in pari materia*, 19 *Del. C.* § 2320(10)a. and b. are understood to require an award of attorney's fees regarding each issue where a claimant recovers an amount greater than an employer offered).

[36] *Zambrana*, 118 A.3d at 776 (quoting *Hudson Farms, Inc. v. McGrellis*, 620 A.2d 215, 217–18 (Del.1993)).

[37] *Id.* (quoting *Spielberg*, 558 A.2d at 293) (citing *Zhurbin v. State*, 104 A.3d 108, 113 (Del. 2014)); *Taylor v. Diamond State Port. Corp.*, 14 A.3d 536, 538 (Del. 2011)).

[38] 19 *Del. C.* § 2320(10)b.

11

Industrial Accident Board Hearings."[39] This two-fold policy includes, for the claimant's benefit, the mitigation of costs necessary to prepare for hearings. For a litigant receiving less than $150 per week in lost wage benefits, the cost of a medical witness's deposition fee is a significant item. Accepting Pepsi's argument that medical witness fees are not subject to thirty-day rule consequences would incentivize employers to never offer them. Claimants must often pay these fees prior to the thirty-day period. They also often become non-refundable during the thirty days that the claimant is statutorily entitled to consider the offer.[40] In this regard, the General Assembly's choice to include medical witness fees within subsection (10) of Section 2320 does not contravene good public policy.

### B. The Board's award of an attorneys' fee for Ms. Holben's success on the issue of medical witness fees was subject to the statutory limitations of 19 *Del. C.* § 2320(10)a.

Ms. Holben challenges the amount of the award. She argues that when considering her entire award, including TPD benefits and medical witness fees, the Board's fee award was unreasonably low. Pepsi counters that if Ms. Holben is due a fee, the award should be based only upon Ms. Holben's success on the single issue.

Ms. Holben focuses primarily on the Board's consideration of the *Cox* factors.[41] In this instance, the Court's decision does not turn on their application.

---

[39] *State v. Drews*, 491 A.2d 1136, 1139 (Del. 1985) (emphasis added).

[40] Pepsi misunderstands the Court's reference to a separate statute and an unrelated Court rule that provide settlement incentives in other contexts. *See Holben v. Pepsi Bottling Ventures, LLC*, 2018 WL 6603792, at *9–10 (Del. Super. Dec. 13, 2018) (referencing 6 *Del. C.* § 2301(d) and Super. Ct. Civ. R. 68's requirements to keep settlement offers open for a stated period). The Court included those references in its December 2018 Opinion for the sole purpose of illustrating why a workers' compensation claimant must be provided a full thirty days to consider a thirty-day rule offer.

[41] *General Motors Corp. v. Cox*, 304 A.2d 55, 57 (Del. 1973) (holding that factors to be considered in determining attorneys' fees include: "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly. (2) The

Rather, it involves review for a legal error based upon whether the Board should have considered the entirety of the award (including TPD benefits),[42] or limited its consideration solely to the amount of fees justified by the successful recovery of medical witness fees.

Ms. Holben argues broadly that her receipt of TPD benefits should be considered an award for purposes of her attorneys' fee award. She claims that despite her TPD benefits award being less than the settlement offer, the Board still awarded those benefits to her. She further argues that her attorneys' fee should be awarded based upon her "benefits . . . as a whole and not just on the basis of her success on the medical expert witness fees."[43]

The Court disagrees. The same issue specific language in § 2320(10)b. that controlled the first part of the Court's analysis also demonstrates what award her attorneys' fee must be linked to. Pepsi sought to rely upon pre-1995 cases regarding the appropriateness of an attorneys' fee award; in regard to the amount due, Ms. Holben also seeks to rely upon a number of pre-1995 cases that make an award all or nothing.[44] The cases Ms. Holben relies upon, as the *Case* and *Dennis* decisions,

---

likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. (3) The fees customarily charged in the locality for similar legal services. (4) The amount involved and the results obtained. (5) The time limitations imposed by the client or by the circumstances. (6) The nature and length of the professional relationship with the client. (7) The experience, reputation, and ability of the lawyer or lawyers performing the services. [and] (8) Whether the fee is fixed or contingent" and requiring the IAB or the Court to provide its reasoning regarding its application of these factors).

[42] *Holben v. Pepsi Bottling Ventures, LLC*, No. 1449337, at 16 (Del. I.A.B. May 18, 2018). In its decision on Employer Pepsi's Petition for Review to Terminate Benefits, the Board found Ms. Holben entitled to payment of TPD benefits at the rate of $132.86 per week and medical witness fees.

[43] Appellant Holben Reply Br. at 8.

[44] *See Acme Markets, Inc. v. Fry*, 1991 WL 22370, at *4 (Del. 1991) (TABLE) (citing *Willingham* to find 19 *Del. C.* § 2127(a) entitles claimants to an attorneys' fee for any beneficial change in the total amount awarded); *Willingham v. Kral Music*, 505 A.2d 34, 36 (Del. Super. 1986) (analyzing the issue of attorneys' fee under 19 *Del. C.* § 2127(a) to determine an "award" or "compensation" is any favorable change of position or benefit as the result of a Board decision); *See also Pugh v.*

13

were also abrogated by statute. Namely, as opposed to the statute that was applicable to the pre-1995 cases she cites, the current thirty-day rule consequences flow from success or failure on an "issue."[45] Paragraphs a. and b. of Subsection (10), when read together, provide that a claimant's attorneys' fee recovery is issue specific.[46] Here, Pepsi's total pre-hearing offer was not relevant regarding whether the Board should have awarded *a* fee. Likewise, the combined amount the Board actually awarded was not relevant to the ***amount*** of the fee.

Accordingly, after the remand, the Board's error lies in the amount it awarded. Namely, Ms. Holben recovered $1,500 in medical witness fees.[47] Pursuant to 19 *Del. C.* § 2320(10)a., she could receive no more than thirty-percent of that amount. In its Answer to Ms. Holben's Opening Brief, Pepsi requested that the Court reduce the Board's award from $500 to $450. The IAB, after addressing the *Cox* factors, awarded an amount in excess of the statutory maximum. It therefore exercised its discretion sufficiently for the Court to conclude that it believed the *Cox* factors justified an award higher that the amount permitted by statute. Because the Board demonstrated and adequately supported that finding, the Court will reduce the award to the maximum permitted by statute, $450.

---

*Wal-Mart Stores, Inc.*, 945 A.2d 588 (Del. 2008) (relying on the interpretations of 19 *Del. C.* § 2127(a) in *Acme* and *Willingham* when § 2127 was still applicable). Ms. Holben's reliance on these cases for her purposes is inconsistent with her arguments elsewhere. Namely, she emphasized 19 *Del. C.* § 2127's present inapplicability and how it precluded reliance on the *Case* and *Dennis* decisions cited by Pepsi. On the issue of amount of fees due, she now inconsistently argues that attorneys' fees should not be awarded on an individualized, issue-driven basis.

[45] *See* 70 Del. Laws ch. 129, § 1 (1995). For the first time, this amendment to 19 *Del. C.* § 2127 added the term "issue" to be considered in the context of the thirty-day rule.

[46] *See* 19 *Del. C.* § 2320(10).

[47] *Holben v. Pepsi Bottling Ventures, LLC*, No. 1449337, at 16 (Del. I.A.B. May 18, 2018).

## V.    Conclusion

Because the Board properly awarded an attorneys' fee, Pepsi's request for reconsideration of the Court's decision regarding the availability of the fee is **DENIED**.  Nevertheless, because the Board committed legal error when awarding an amount in excess of the statutory maximum, the Board's decision must be **REVERSED**, in part.  The Court's final order will include $450 as that award.  Furthermore, the Court will schedule a hearing to address the attorneys' fee due Ms. Holben for prosecuting this single successful issue in Superior Court.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

15